**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4455**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MICHAEL ANTHONY COMPTON,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00365-TDS-1)

Submitted:  November 19, 2012        Decided:  November 21, 2012

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Michael Compton pled guilty to possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2006). He was sentenced to 110 months in prison. Compton now appeals his sentence, raising one issue. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We first determine whether the district court correctly calculated the defendant's advisory Guidelines range, considered the applicable § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence is free of procedural error, we then review the substantive reasonableness of the sentence. Id. at 575.

Compton contends that his sentence is procedurally unreasonable because the kidnapping cross reference, U.S. Sentencing Guidelines §§ 2K2.1(c)(1)(A), 2X1.1(a) (2011), was incorrectly applied to him. The cross reference applies "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission . . . of another offense." USSG

2

§ 2K2.1(c)(1).  Compton argues that "another offense" includes only conduct that violates federal law.  The conduct in this case -- a home invasion in which the occupants were bound with duct tape, robbed, and locked in a closet -- does not, he asserts, constitute a violation of the federal kidnapping statute.  Instead, the conduct is kidnapping under North Carolina state law.  Accordingly, because the conduct is not a federal offense, the cross reference should not have been applied.

We reject this argument.  First, the commentary to USSG § 2K2.1 states that "'[a]nother offense' . . . means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, regardless of whether a criminal charge was brought, or a conviction obtained."  USSG § 2K2.1, cmt. n.14(C).  Additionally, we have held that the cross reference in USSG § 2K2.1 applies to conduct amounting to a violation of state law.  United States v. Carroll, 3 F.3d 98, 103 (4th Cir. 1993).

We therefore affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED